**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVE R. SMELTZER,
Plaintiff-Appellant,

v.                                                                              No. 96-2241

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Carl Horn, III, Chief Magistrate Judge.
(CA-96-83-H)

Submitted: November 18, 1997

Decided: December 8, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Raymond C. McRorie, ARMED FORCES LEGAL CENTER OF
WAPLE & MCRORIE, Fayetteville, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, James M. Sullivan, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dave Smeltzer, an officer in the United States Army, was injured while on duty during two separate incidents in 1983. In January 1988, the Army Physical Disability Agency advised Smeltzer that it approved the Army Physical Evaluation Board's ("PEB") rating of his disability at 20 percent and its recommendations to take Smeltzer off temporary disability status and to discharge Smeltzer from the Army. In October 1994, Smeltzer filed an action in the United States Court of Federal Claims, alleging improper physical evaluations and violations of procedural regulations by the PEB. Smeltzer sought a 30 percent disability rating, medical retired status, back pay from the date of his discharge, and related benefits and allowances. The Court of Federal Claims dismissed the action as barred by the six-year statute of limitations in January 1995. See 28 U.S.C. § 2501 (1994). Smeltzer did not appeal this decision. Instead, he filed a second complaint in the district court alleging nearly identical claims. The district court dismissed the action as barred by res judicata, and Smeltzer appealed. Because we lack appellate jurisdiction over his claim, we dismiss the appeal.

Under 28 U.S.C. § 1346(a)(2) (1994), often referred to as the "Little Tucker Act," federal district courts have concurrent jurisdiction with the United States Claims Court over civil claims not exceeding $10,000. But under 28 U.S.C.A. § 1491(a)(1) (West Supp. 1996), the so-called "Big Tucker Act," if the amount sought exceeds $10,000, the Claims Court has exclusive jurisdiction. See Bowen v. Massachusetts, 487 U.S. 879, 910 n.48 (1988).

In his complaint, Smeltzer invoked the district court's jurisdiction solely under 28 U.S.C. § 1346(a)(2). In his prayer for relief, he sought placement on the U.S. Army Permanent Disability Retired List with a combined disability rating of not less than 40 percent, retroactive

2

medical disability pay with applicable allowances and benefits not to exceed $10,000, declaratory relief, costs, expenses, and fees. Because on the face of the complaint, Smeltzer did not seek retroactive disability pay in excess of $10,000, the district court apparently exercised jurisdiction over Smeltzer's claim under the "Little Tucker Act."

We conclude, however, that we lack appellate jurisdiction. The exclusive appellate jurisdiction of the Federal Circuit includes final decisions by a federal district court whose jurisdiction "was based in whole or in part" on 28 U.S.C. § 1346. See 28 U.S.C. § 1295(a)(2) (1994). The Federal Circuit has exclusive appellate jurisdiction "over every appeal from a Tucker Act or nontax Little Tucker Act claim." United States v. Hohri, 482 U.S. 64, 73 (1987). Because the district court's jurisdiction was based upon 28 U.S.C. § 1346, the proper forum for this appeal is the Federal Circuit Court of Appeals. Because the Court of Federal Claims and the Court of Appeals for the Federal Circuit have "extensive experience reviewing decisions of corrections boards in military pay cases," we are "cautious about trespassing into the province of the Court of Federal Claims and the Federal Circuit to decide non-tort actions against the United States." Randall v. United States, 95 F.3d 339, 346 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3581 (U.S. Feb. 24, 1997) (No. 96-1086).

We decline to transfer this action to the Court of Appeals for the Federal Circuit for further proceedings because neither party has requested such transfer and because we conclude that transfer would not be "in the interest of justice." See 28 U.S.C. § 1631 (1994). Accordingly, we dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3